**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
––––––––––––––––––––––––––––––––––––––––––––x
**WADE KIRKLAND,**

                **Plaintiff,**                                Docket No.: 16 civ. 2908 (KAM)
                                                                                                                  (RML)

      **v.**

**ASA COLLEGE, INC., and ASA INSTITUTE OF**        **DEFENDANTS' ANSWER TO**
**BUSINESS AND COMPUTER TECHNOLOGY, INC.**            **THE COMPLAINT**

                              **Defendants.**
––––––––––––––––––––––––––––––––––––––––––––x

        Defendants, **ASA COLLEGE, INC.** and **ASA INSTITUTE OF BUSINESS AND COMPUTER TECHNOLOGY, INC** (hereinafter "The ASA College Defendants"), by its attorneys of record, **WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP,** answer the Complaint upon information and belief as follows:

## AS TO THE NATURE OF THE CASE

        1.     The ASA College Defendants aver that no response is necessary to paragraph "1" of the Complaint except to admit that plaintiff seeks to bring claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 216(b) *et seq.*, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

        2.     The ASA College Defendants aver that no response is necessary to paragraph "2" of the Complaint except to admit that plaintiff seeks to bring claims to the New York Labor Law ("NYLL") N.Y. Lab. Law §§ 650, 663 *et seq.* and the New York Minimum Wage Act, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

        3.     The ASA College Defendants aver that no response is necessary to paragraph "3" of the Complaint except to admit that plaintiff seeks to recover unpaid wages, wage deductions, liquidated damages, interest, and attorneys fees, under Article 6 of the NYLL, including §§ 190,

193, 198, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## AS TO JURISDICTION AND VENUE

4. The ASA College Defendants admit that plaintiff seeks to invoke the jurisdiction of the Court as set forth in paragraph "4" of the Complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

5. The ASA College Defendants admit that plaintiff seeks to set venue as set forth in paragraph "5" of the Complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

6. The ASA College Defendants aver that no response is necessary to paragraph "6" of the Complaint except to admit that plaintiff seeks for the Court to issue a declaratory judgment, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## AS TO THE PARTIES

7. The ASA College Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

8. The ASA College Defendants admit the allegations set forth in paragraph "8" of the Complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

9. The ASA College Defendants admit the allegations set forth in paragraph "9" of the Complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

10. The ASA College Defendants admit the allegations set forth in paragraph "10" of the Complaint.

## AS TO THE STATEMENT OF FACTS

11. The ASA College Defendants admit the allegations set forth in paragraph "11" of the Complaint.

12. The ASA College Defendants admit the allegations set forth in paragraph "12" of the Complaint.

13. The ASA College Defendants deny the allegations set forth in paragraph "13" of the Complaint, except admit plaintiff was employed by them, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

14. The ASA College Defendants admit the allegations set forth in paragraph "14" of the Complaint.

15. The ASA College Defendants deny the allegations as set forth in paragraph "15" of the Complaint except admit that plaintiff was initially paid an hourly rate of $10.00 per hour, and his hourly rate was subsequently increased to $10.50 per hour, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

16. In response to the allegations set forth in paragraph "16" of the Complaint, the ASA College Defendants admit that plaintiff worked 102.75 hours during the pay period ending November 3, 2013, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

17. The ASA College Defendants aver that no response is necessary to paragraph "17" of the Complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

18. The ASA College Defendants aver that no response is necessary to paragraph "18" of the Complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

19. The ASA College Defendants deny the allegations as set forth in paragraph "19" of the Complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

20. The ASA College Defendants deny the allegations as set forth in paragraph "20" of the Complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

21. In response to the allegations set forth in paragraph "21", the ASA College Defendants admit they had annual revenues and/or expenditures in excess of $ 500,000.

22. The ASA College Defendants admit the allegations set forth in paragraph "22" of the Complaint.

23. The ASA College Defendants admit the allegations set forth in paragraph "23" of the Complaint.

24. The ASA College Defendants admit the allegations set forth in paragraph "24" of the Complaint.

25. The ASA College Defendants admit the allegations set forth in paragraph "25" of the Complaint.

26. The ASA College Defendants admit the allegations set forth in paragraph "26" of the Complaint.

27. The ASA College Defendants admit the allegations set forth in paragraph "27" of the Complaint.

28. The ASA College Defendants admit the allegations set forth in paragraph "28" of the Complaint

29. The ASA College Defendants deny the allegations as set forth in paragraph "29" of the Complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

30. The ASA College Defendants deny the allegations as set forth in paragraph "30" of the Complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

31. The ASA College Defendants deny the allegations as set forth in paragraph "31" of the Complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

32. The ASA College Defendants aver that no response is necessary to paragraph "32" of the Complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

33. The ASA College Defendants aver that no response is necessary to paragraph "33" of the Complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

### AS A RESPONSE TO THE FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT – 29 U.S.C. 201 *et seq.*

34. The ASA College Defendants repeat and reallege each of its responses to paragraphs "1" through "33" as if fully set forth herein.

35. The ASA College Defendants admit the allegations set forth in paragraph "35" of the Complaint and aver that plaintiff was employed from July 19, 2010 to January 23, 2015, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

7576802v.4

36. The ASA College Defendants aver that no response is necessary to paragraph "36" of the Complaint which merely purports to paraphrase a statute, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

37. The ASA College Defendants admit the allegations set forth in paragraph "37" of the Complaint.

38. The ASA College Defendants deny the allegations as set forth in paragraph "38" of the Complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

39. The ASA College Defendants aver that no response is necessary to paragraph "39" of the Complaint which merely purports to paraphrase a statute, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## AS A RESPONSE TO THE SECOND CAUSE OF ACTION
## NYLL 650 *et seq.*

40. The ASA College Defendants repeat and reallege each of its responses to paragraphs "1" through "39" as if fully set forth herein.

41. The ASA College Defendants admit the allegations set forth in paragraph "41" of the Complaint and aver that plaintiff was employed from July 19, 2010 to January 23, 2015, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

42. The ASA College Defendants deny the allegations as set forth in paragraph "42" of the Complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

43. The ASA College Defendants aver that no response is necessary to paragraph "43" of the Complaint which merely purports to paraphrase a statute, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## AS A RESPONSE TO THE THIRD CAUSE OF ACTION
## NYLL §§ 190, 191, 193, 195 and 198

44. The ASA College Defendants repeat and reallege each of its responses to paragraphs "1" through "43" as if fully set forth herein.

45. The ASA College Defendants admit the allegations set forth in paragraph "45" of the Complaint and aver that plaintiff was employed from July 19, 2010 to January 23, 2015, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

46. The ASA College Defendants deny the allegations as set forth in paragraph "46" of the Complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

47. The ASA College Defendants deny the allegations as set forth in paragraph "47" of the Complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

48. The ASA College Defendants deny the allegations as set forth in paragraph "48" of the Complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

49. The ASA College Defendants aver that no response is necessary to paragraph "49" of the Complaint which merely purports to paraphrase a statute, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## AFFIRMATIVE DEFENSES

50. As a further answer to plaintiff's Complaint and by way of defenses, the ASA College Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

51. Plaintiff's Complaint fails to state a claim upon which relief can be granted. Additionally, the allegations in plaintiff's Complaint are conclusory in nature and fail to allege facts sufficient to sustain an action.

### SECOND AFFIRMATIVE DEFENSE

52. The ASA College Defendants have at all times has acted in good faith and not in contravention of any of plaintiff's clearly established federally protected rights.

### THIRD AFFIRMATIVE DEFENSE

53. The ASA College Defendants did not willfully and with intent deprive anyone of any compensation owed to plaintiff under the provisions of the Fair Labor Standards Act or New York Wage and Hour Laws.

### FOURTH AFFIRMATIVE DEFENSE

54. Plaintiff was at all times provided with appropriate notices pursuant to the NY Labor Law.

### FIFTH AFFIRMATIVE DEFENSE

55. All or part of the time for which plaintiff seeks compensation in this action does not constitute compensable working time or was not authorized and approved by the ASA College Defendants.

### SIXTH AFFIRMATIVE DEFENSE

56.     The Complaint fails to state a claim against the ASA College Defendants upon which liquidated damages can be awarded.

### SEVENTH AFFIRMATIVE DEFENSE

57.     The ASA College Defendants have not willfully or intentionally failed to pay any such additional compensation to plaintiff to justify any awards or penalties or fees.

### EIGHTH AFFIRMATIVE DEFENSE

58.     Plaintiff is not entitled to punitive damages.

### NINTH AFFIRMATIVE DEFENSE

59.     Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

60.     Plaintiff's claims are barred in whole or in part by the doctrines of latches, waiver or estoppel.

### RESERVATION OF RIGHT TO AMEND ANSWER

61.     The ASA College Defendants hereby give notice that they intend to rely on such other and further defenses as may become available during discovery in this action and reserve the right to amend their Answer to assert such defenses.

**WHEREFORE**, the ASA College Defendants demand judgment against plaintiff by dismissing the Complaint together with costs and disbursements.

Dated: New York, New York
July 18, 2016

                          Respectfully submitted,
                        **WILSON, ELSER, MOSKOWITZ,**
                         **EDELMAN & DICKER LLP**

                    By:      /s Ricki E. Roer
                         Ricki E. Roer
                         Celena R. Mayo
                         Bindu Krishnasamy
                         Attorneys for Defendants
                         **ASA COLLEGE, INC. and ASA INSTITUTE OF BUSINESS AND COMPUTER TECHNOLOGY, INC.**
                         150 East 42nd Street
                         New York, NY 10017
                         (main) 212 490-3000
                         (fax) 212 490-3038
                         15830.00003